# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GILBERT C. GARCIA and DARLENE M. GARCIA,<br><br>           Plaintiffs,<br><br>v.<br><br>CITICORP TRUST BANK FSB, et al.,<br><br>           Defendants. | 2:09-CV-00054 JCM (GWF)<br><br>Date:      N/A<br>Time:      N/A |

## ORDER

Presently before the court is plaintiffs' motion to vacate judgments or in the alternative, to modify judgments, filed on August 17, 2009. (Doc. #21). Defendant US Bank National Association (hereinafter "US Bank") filed an opposition on August 24, 2009. (Doc. #22). Plaintiffs filed a reply on September 3, 2009. (Doc. #24).

On January 16, 2009, US Bank filed its motion to dismiss plaintiffs' complaint and to strike punitive damages. (Doc. #5). This court entered its order granting US Bank's motion to dismiss and to strike punitive damages on February 18, 2009. (Doc. #16).

Plaintiffs bring their motion under the first prong of Fed. R. Civ. Pro. 60(b) for "mistake, inadvertence, surprise, or excusable neglect." Plaintiffs allege their counsel never notified them of the complaint's dismissal and that they learned after the fact that this court granted dismissal because plaintiffs failed to file an opposition to defendant's motion to dismiss. Plaintiffs also allege that, had they known no opposition was going to be filed, they would have retained substitute counsel and

**James C. Mahan**
**U.S. District Judge**

applied for an extension of time to respond. (Doc. #21). For the reasons set forth below, plaintiffs' motion fails to establish that vacating the orders and judgment is warranted under Fed. R. Civ. Pro. 60(b).

A client is ordinarily chargeable with his counsel's negligent acts. *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). Clients are "considered to have notice of all facts known to their lawyer-agent." *Id.* (citing *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989)). The client, presumed to have voluntarily chosen the lawyer to act as his representative, ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel. *Id.*

Here, plaintiffs voluntarily chose two separate sets of lawyers as their representatives. The motion to dismiss was pending for over a month. Plaintiffs could have checked with their attorneys and/or consulted the court docket, which is a matter of public record. Plaintiffs' claimed unawareness of the pending motion to dismiss does not merit vacating the orders and judgment.

In their reply (Doc. #24), plaintiffs additionally argue their claim falls under Fed. R. Civ. Pro. 60(b)(6) for "any other reason that justifies relief." Plaintiffs argue this language encompasses "situations like Plaintiffs' [who] stand to loose the family home" and are "innocent victims of a fraudulent foreclosure avoidance scam" and predatory lending practices.

The Fed. R. Civ. Pro. 60(b)(6) catchall provision is used sparingly as an equitable remedy to prevent manifest injustice. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (citing *US v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). In order to merit relief under Rule 60(b)(6), a party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with prosecution or defense of the action in a proper fashion. *Cmty. Dental Services*, 282 F.3d at 1168. Although plaintiffs describe the unfortunate situation of losing their family home, plaintiffs fail to show both injury and circumstances beyond their control which prevented them from proceeding with their prosecution in a timely manner.

Further, the substantial lapse of time between the dismissal of the case and the motion to vacate the dismissal weigh against granting plaintiffs' Rule 60(b) motion. A motion under Rule 60(b) must be made within a reasonable time. Fed. R. Civ. Pro. 60(c)(1). What constitutes a

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 reasonable time "depends on the facts of each case." *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985). "[T]he interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties" are relevant to the determination of timeliness. *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

This court entered its order granting US Bank's motion to dismiss on February 18, 2009. (Doc. #16). Plaintiffs state that they discovered the dismissal "[o]n or about March 25, 2009." (See Doc. #21). However, plaintiffs waited until August 17, 2009 to file their motion to vacate, with no certificate of service on US Bank. (Doc. #21). Plaintiffs, as previously stated, could have learned or attempted to learn earlier of the pending motion to dismiss. Moreover, US Bank is prejudiced by the delay in that the property was foreclosed on more than one year ago, on September 3, 2008. Plaintiffs' motion to vacate was not made within a reasonable time.

Additionally, this court previously ruled in its order granting defendant's motion to dismiss complaint and to strike punitive damages that no response or opposition to the motion to dismiss was timely filed and served, and that the complaint alleges loan(s) for which US Bank is an improper party defendant. (Doc. #16). In the same order, this court ruled that the claim for unfair lending practices fails under the statutory grounds asserted. In light of the foregoing facts, this court need not address the parties' arguments disputing whether plaintiffs' motion establishes that the complaint states a claim.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion to vacate judgments, or in the alternative, to modify judgments (Doc. #21) be, and the same hereby is, DENIED.

DATED this 23rd day of September, 2009.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -